## Sarah L. Boone

### v.

### Executors of Charles Ridgway, deceased.

1. A court of equity will give relief against an unfair division of joint property which is the result of an innocent mistake.

2. A party may waive an objection to the competency of a witness produced against him.

3. If the objection is known when the witness is called, he must make it promptly ; if he fails to do so, and treats the witness as competent, the objection will be considered waived.

On final hearing on bill, answer and proofs.

*Mr. Conarroe* of Philadelphia, and *Mr. A. Browning*, for complainant.

*Mr. Frederick Voorhees*, for defendants.

The Vice-Chancellor.

The object, of this suit is to relieve the complainant against the consequences of a mistake, alleged to have occurred in a division of property or settlement made between the defendants' testator and the complainant, on the

6th of August, 1866. The testator died in November, 1871, and this action was commenced June 24th, 1872. The testator, Dr. Charles Ridgway, was the complainant's brother-in-law, having married her sister, and for many years prior to the settlement had had the absolute control and management of her property. She acquired the property in controversy as one of the next of kin of an uncle and two aunts. Her share of each of these estates, as well as that of the doctor's wife, seems, on distribution, to have passed at once into his hands, and to have been invested by him as a joint fund. A part, at least, if not the whole, was invested in his own name. The doctor's wife died in 1863, but the fund continued in his hands and under his management, as the joint property of the complainant and himself, until the 6th of August, 1866. He paid her her share of the income yearly. She trusted him implicitly, taking whatever he said she was entitled to, without examination or even explanation. Her confidence in him was perfect. There is no reason to suppose it was ever intentionally betrayed. On the 4th of May, 1865, the doctor caused a list of their joint property to be made in duplicate, and, either at that time or subsequently, delivered one to the complainant, and retained the other. That retained was found among the doctor's papers, and, on the call of the complainant, has been produced and put in evidence. The other is also in evidence. These papers, under the following preface: "Memorandum of personal property belonging to Charles Ridgeway and Sarah L. Boone," give a list of the mortgages, notes, stocks and money constituting the joint property, amounting in the whole to $36,628.75. Among the items is this:

"165 shares of Farmers Bank stock, par value $25—will now sell for $40—$4,125."

In estimating the aggregate value of the joint property, this stock was put down at its par, and not its actual value, and stood ·in the sum representing the total valuation ($36,628.75) at $4,125. The division of August 6th, 1866,

the complainant says, was made on the basis of this valuation. She says the doctor stated they had sustained a loss of $1,000, and after deducting the loss from the total valuation ($36,628.75), her share was $17,800. It is undisputed he paid her this sum, and that he paid $5,200 of it by the transfer of one hundred and four shares of the stock of the Farmers Bank, at $50 a share. The mistake or error consists in this: the property was divided on a valuation of this stock at $25 a share, and the doctor paid her part of her share on a valuation of $50 a share. If she is right in her facts, an error is shown with absolute certainty.

The complainant was examined as a witness on her own behalf, without objection. At the hearing no objection was made to the reading of her testimony, but after the conclusion of the argument, and after the counsel of the complainant had left the court-room, the counsel of the defendants, in answer to a remark made by the court, moved that her testimony be overruled. Up to this point her competency had not been questioned, nor the slightest warning given that her qualification as a witness would be challenged. Having sued the defendants in a representative capacity, she was incompetent to testify in her own behalf, unless her disqualification was waived. But a party may waive the incompetency of a witness produced against him. 1 *Greenl. Ev.*, § 421; *Berryman* v. *Graham*, 6 *C. E. Gr.* 372; *Walker* v. *Hill's ex'rs*, 7 *C. E. Gr.* 517. If he is aware of the incompetency of the witness, he must object before he is examined; he will not be permitted to cross-examine him, and then, if he dislikes his testimony, object to his competency. 1 *Greenl. Ev.*, § 421. A party who neglects to interpose an objection to the competency of a witness, known when he is called to testify, must be considered as waiving it, and he will not be permitted to raise it at a subsequent stage of the litigation. *Donelson* v. *Taylor*, 8 *Pick.* 391.

In *Neville* v. *Demeritt*, 1 *Gr. Ch.* 321, Chancellor Pennington held that a party who intends to avail himself of an

objection to the competency of a witness, must make it at the time the witness is examined; and if not made until the hearing, it will not be entertained unless the evidence can be supplied; and in *Mohawk Bank* v. *Atwater*, 2 *Paige* 60, Chancellor Walworth said an objection to the competency of a witness must be made in time to enable the party producing him to remove it, or to produce other proof.

Chancellor Zabriskie, following what he esteemed to be the rule declared by the two preceding cases, held, in *Graham* v. *Berryman*, 4 *C. E. Gr.* 32, that an objection made by the defendant, when the complainant closed his proofs, and before the defendant commenced his, was in time, and overruled the evidence, but the court of errors and appeals repudiated this ruling, holding that the objection came too late. *Berryman* v. *Graham*, 6 *C. E. Gr.* 372.

Mr. Justice Van Syckel, who pronounced the opinion of the court, states, very distinctly, that the rule requiring the objection to be made promptly does not rest alone on the consideration that it should be made early enough to enable the party producing the objectionable witness to remove his incompetency, or to supply his evidence by other proof, but its more important object is, to secure fairness in practice and to prevent all attempt at tricks unbecoming the administration of justice. He says, fairness will not permit a party to sit by and hear a witness examined without objection, and, failing to make anything out of him, then to interpose an objection to his competency. He has his election to admit an incompetent witness to testify against him or not, but he must make his election as soon as the opportunity arises, and, failing to make it then, he is presumed to have waived it forever. This is now the established rule. *Walker* v. *Hill's Ex'rs*, 7 *C. E. Gr.* 517, does not change it. It was impossible, under the facts of that case, to raise the question whether an intentional failure to object to the competency of a witness, as soon as the opportunity occurred, was an irrevocable waiver of it, for the witness there was sworn in the face of an objection. The objection here

comes much too late. It cannot be sustained under any of the cases. The complainant's evidence must stand as part of the testimony in the case.

With her evidence in, the case is free from doubt. No question of jurisdiction was raised. It was conceded, if error or mistake had been clearly proved, the complainant must have relief. Looking at the documentary proofs, in connection with the complainant's own evidence, the proofs on this point come as near absolute certainty as it is possible to get where any part of the evidence consists of human recollection or knowledge.

By adopting one valuation of· the bank stock for division, and another for payment, the complainant received $2,062.50 less than she was entitled to. The error was doubtless unintentional, and for that reason it has been possible to make its demonstration so plain. The charge of negligence is without the least support. The complainant asserted her claim as soon as she knew of it. She would undoubtedly have known of it sooner if she had been less confiding, but the defendants can hardly ask that her faith in the integrity and accuracy of their testator shall now be charged against her as a fault so heinous as to work a forfeiture of her property.

A decree in favor of the complainant for $2,062.50, with interest from the date of the division, will be advised.